UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tracker Sila San. Ve Tic, Ltd. STI, a Turkish limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Salim Ozgilik, an individual residing in Nevada; and Akdal Arms, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No. 2:22-cv-00046-GMN-DJA<br><br>**Order** |

This is a breach of contract action arising out of an oral agreement between Ifran Akdal—the general manager of Plaintiff Tracker Silah San Ve Tic, Ltd. STI—and Defendant Salim Ozgilik to operate a firearm store—Defendant Akdal Arms, LLC[1]—in Henderson, Nevada. Plaintiff sues Defendants for becoming delinquent on payments to Plaintiff for firearm merchandise sold in Defendants' store. Plaintiff moves to compel more complete answers to certain of its discovery requests. (ECF No. 25). Defendants respond that Plaintiff failed to meet and confer in good faith before moving to compel. (ECF No. 31). Plaintiff replies that Defendants are engaging in gamesmanship. (ECF No. 32). Because the Court finds that Plaintiff did not complete the meet and confer process before moving to compel, it denies Plaintiff's motion. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Background.**

Plaintiff served its first set of discovery requests on February 7, 2022. (ECF No. 25 at 4). Defendants responded to the discovery requests on March 14, 2022. (*Id.*). On April 1, 2022, Plaintiff's counsel emailed Defendants' counsel a letter requesting that the parties meet and

---

[1] Akdal Arms was named after Ifran Akdal.

confer about the responses. (*Id.* at 5). The parties met and conferred on April 5, 2022. (*Id.* at 6). Plaintiff asserts that, during the meeting, Defendants' counsel simply restated Defendants' objections and said that her ability to review Plaintiffs' letter was hampered because it did not have page numbers. (*Id.* at 8-9).

Although Plaintiff's counsel expresses their belief that the meet and confer was not productive, they concede that they left the meet and confer intending to "review and revise [Plaintiff's letter] in an effort to have Defendants and their counsel meaningfully respond…" (*Id.* at 9). They explain that, after considering the meet and confer further, they unilaterally decided that providing Defendants' counsel with an updated letter would be fruitless. (*Id.*). Plaintiff's counsel thus emailed Defendants' counsel that Plaintiff would file a motion to compel. (*Id.*).

Defendants, however, do not share Plaintiff's counsel's belief that a renewed letter and response from Defendants would have been futile. (ECF No. 31). Defendants concede that certain of their responses are boilerplate and lack Bates numbers and explain that they intend to supplement those responses. (*Id.* at 8). Defendants explain that they were waiting for Plaintiff's counsel to revise the letter following the meet and confer to supplement. (*Id.*). Defendants argue that, because the parties were in the middle of resolving their discovery disputes when Plaintiff moved to compel, the Court should deny the motion for Plaintiff's failure to meet and confer in good faith. (*Id.*).

Plaintiff replies and objects to Defendants' counsel's characterization of the meet and confer. (ECF No. 32). Plaintiff argues that it was Defendants' counsel who failed to engage in the meeting. (*Id.* 4-5). Plaintiff asserts that Defendants' arguments about supplementing are questionable because, to date, Defendants have not supplemented their responses or provide Bates numbers. (*Id.*).

Plaintiff adds that Defendants' counsel's conduct is a part of a pattern of gamesmanship. (*Id.* at 6). As proof of this gamesmanship Plaintiff attaches emails between its counsel—Deborah Borges—and Defendants' counsel—Aviva Gordon—in which Defendants' counsel explained that she could not schedule depositions because her client was out of the country, and she could not contact him. (ECF No. 32 at 6); (ECF No. 32-6 at 2-5). But those emails do not demonstrate the

gamesmanship Plaintiff describes.[2] Nonetheless, Plaintiff requests that the Court impose steep sanctions:

> I reiterate, Attorney Gordon has violated all rules of fair play during her behavior that has been clearly enumerated throughout this Reply. Her behavior after the Motion to Compel is very telling as to what Plaintiff will have to endure throughout this discovery process and the rest of the case if this Honorable Court does not impose sanctions against Attorney Gordon. On April 26, 2022, Attorney Gordon wrote: "I assure you that I will provide you dates from my client as soon as I am able to discuss matters with my client"…What does "as soon as I am able" mean? Why is she not "able?" This is yet another failed discovery promise by Defendants. Consequences against Attorney Gordon are warranted and necessary for the furtherance of justice and deterrence.

(ECF No. 32 at 11-12).

**II.     Standard.**

Discovery is supposed to proceed with minimal involvement of the Court. *McNamara v. Hallinan*, No. 2:17-cv-02966-GMN-NJK, 2019 WL 918984, at *1 (D. Nev. Feb. 25, 2019). If a party resists discovery, the requesting party may file a motion to compel. *See* Fed. R. Civ. P. 37(a)(1), (a)(3)(B)(iii)-(iv). The Federal Rules of Civil Procedure require that the party bringing a motion to compel must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." LR 26-6(c). Local Rule IA 1-3(f)(1) requires that, to satisfy the meet and confer provision above, the parties must communicate directly and discuss in good faith the issues in dispute.

---

[2] To the contrary, these emails demonstrate that Defendants' counsel maintained professionalism despite Plaintiff's counsel's demands for quick responses and threats to unilaterally serve deposition notices. (ECF No. 32-6).

"Judges in this District have held that these rules require that the movant must 'personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention.'" *McNamara*, 2019 WL 918984, at *1 (quoting *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996)). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or at least to narrow and focus matters in controversy before judicial resolution is sought." *Id.* (quoting *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993)). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.*

This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170. Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

**III.    Discussion.**

The Court denies Plaintiff's motion without prejudice. This issue is not ripe for the Court's involvement because the parties have not completed the meet and confer process. While Plaintiff asserts that its counsel met in good faith with counsel for Defendants, Plaintiff's own certification demonstrates that Plaintiff unilaterally decided that the process was futile and instead filed a motion to compel.

Even if Plaintiff was initially engaging in two-way communication in a genuine effort to avoid judicial intervention and even if Plaintiff is correct that the process would ultimately have been futile, Plaintiff stopped the communication too soon. As Plaintiff concedes, Defendants were awaiting Plaintiff's revised letter to determine whether Defendants would supplement their

responses. And while Plaintiff argues that Defendants indicated they would not supplement even with a revised letter, ultimately, Plaintiff never gave them the chance. On the other hand, Defendants concede that certain of their responses were deficient and that they planned on supplementing those responses. Based on Defendants' assertion, it appears that while the parties may not have resolved every issue if they continued discussions, they would at least have narrowed them.

The Court recognizes that the parties have different views on how the meet and confer process progressed. The Court does not pick one perspective over another in making this decision. Having not been present for these discussions, it cannot. But regardless of which party's perspective is more accurate, the fact stands that the discussions ended sooner than they should have. Plaintiff concedes this point, explaining that its counsel initially planned on revising the letter, only to later reconsider in an email to Defendant's counsel:

> Upon reflection, based upon your indication that many of Defendants' responses would not substantively change even if we were to submit a revised deficiency letter, we think it a better use of our time to file the Motion to Compel in short order.

(ECF No. 25 at 9).

Because meet and confer discussions ended too soon, the Court denies Plaintiff's motion to compel and denies both parties' requests for sanctions. It also refuses to sanction Defendants' counsel for purported "gamesmanship" in scheduling depositions that have nothing to do with the underlying motion to compel. The Court is not convinced by Plaintiff's argument that "Attorney Gordon has violated all rules of fair play." This is particularly true because, as proof, Plaintiff cites to emails that demonstrate nothing more than the parties working through routine scheduling difficulties.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 25) is **denied without prejudice**. Any further or renewed motions to compel must fully comply with the meet-and-confer requirements under Local Rule 26-6(c).

**IT IS FURTHER ORDERED** that both parties' requests for sanctions are **denied.**

DATED: June 22, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE